### Brooks, Admr. v. Philadelphia

*Jacke E. Feinberg,* for plaintiffs.
*Sheldon L. Albert,* for City of Philadelphia.

CODY, J., May 25, 1973.—In this wrongful death and survival action brought against the City of Philadelphia by Robert Brooks, as administrator of the estate of his deceased minor son, Barry Brooks, and Robert Brooks and Eileen Brooks, as parents of the deceased minor, plaintiffs were represented by Jack E. Feinberg, Esq., a member of the now dissolved partnership of Kanner, Stein, Feinberg & Barol. On March 19, 1973, pursuant to a petition filed by Mr. Feinberg, this court entered an order authorizing plaintiffs to settle their claim for $250,000 and to execute releases to terminate the action. The order also directed distribution of the fund to be received as the result of the settlement, partly to counsel for fee and costs, partly to the parents to reimburse them for medical expenses and costs and loss of earnings of the deceased minor, and the remainder to be divided between the parents under the Wrongful Death Acts of April 15, 1851, and April 26, 1855, as amended, and the estate of the deceased minor under section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.603.

The remaining members of the former partnership, dissatisfied with the provisions for counsel fee and distribution, on April 4, 1973, petitioned the court to revoke its order until further order of the court. To this petition, Mr. Feinberg filed an answer and the court shortly thereafter met in chambers with all counsel involved, including a member of the staff of the city's law department, in an effort to resolve the matter. The effort was not successful, and the court held the matter for further consideration, with the understanding on the court's part, at least, that the city would not make payment under the settlement until a decision

was reached on the pending petition. The court's understanding in this regard was apparently not well founded, since the court is now informed that the city has made payment to Mr. Feinberg and Mr. Feinberg is holding the fund in an interest-bearing account pending final outcome of the dispute.

The order entered March 19, 1973, must be vacated, not because the former partners of Mr. Feinberg are dissatisfied with the distribution and the provision for counsel fee, on which we here express no opinion, but because the order itself was improvidently entered, in that it exceeded the authority of this court under the applicable statutes and Rules of Civil Procedure. The interest of no minor is involved in this action; only the interests of Robert and Eileen Brooks, the parents of the decedent. Therefore, as was said by the late Judge Waters in Wexler, etc. v. Philadelphia Transportation Co., 3 D. & C. 2d 122 (1955), it is quite clear that there is no necessity for approval by this court of the proposed settlement under the wrongful death statute. Neither Pennsylvania Rule of Civil Procedure 2206 nor the Act of July 28, 1953, P. L. 659, 20 PS §1151, repealed June 30, 1972, P. L. —, effective July 1, 1972, makes approval by this court necessary for the consummation of a compromise or settlement of a claim for damages under the wrongful death acts unless a minor has an interest in such settlement or compromise: Wexler, etc. v. Philadelphia Transportation Co., supra; Hewitt v. Masser Motor Express, 43 D. & C. 514 (1942).

Nor does the Act of July 28, 1953, providing for approval by this court of compromises of actions on behalf of decedents' estates, authorize or require the court to enter an order with regard to counsel fees and expenses; and, as was pointed out by Judge Waters in Wexler, supra, "it is no part of the function of this court

to make an allocation of settlement proceeds as between a survival action and a wrongful death action in which a minor has no interest. Plaintiff and defendant reach such (contingent) agreements and allocation as they see fit and the proposed settlement of the survival action should then be submitted for our consideration. The details of the proposed simultaneous settlement of the wrongful death action aspect of the matter should appropriately be set forth in the petition for informational purposes."

We, therefore, enter the following

## ORDER

Now, May 25, 1973, the order entered on March 19, 1973, is vacated, with leave to plaintiffs to submit a petition for approval of the settlement of the survival action in behalf of the estate of Barry Brooks, deceased, under the provisions of section 603 of the Act of April 18, 1949, P. L. 512, 20 PS §320.603.